

The following constitutes
the order of the court. Signed March 04, 2011

_____
Stephen L. Johnson
U.S. Bankruptcy Judge
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| In re<br><br>COLLEEN PATRICIA COLLUM,<br><br>      Debtor. | Case No. 09-55147 SLJ<br><br>Chapter 7 |
|---|---|
| EDWARD H. STOKES et al.,<br><br>      Plaintiffs,<br><br>v.<br><br>COLLEEN PATRICIA COLLUM,<br><br>      Defendant. | A.P. No. 09-05262 SLJ |

**MEMORANDUM DECISION**

**I.    INTRODUCTION**

Plaintiffs Edward H. Stokes, Gwendolyn A. Stokes, and Stokes Revocable 2001 Revocable Trust ("Plaintiffs") seek a default judgment under Federal Rule of Bankruptcy Procedure 7055, incorporating Federal Rule of Civil Procedure 55, against defendant Colleen Patricia Collum

("Defendant") pursuant to 11 U.S.C. § 523(a)(2), (4) and (6). After reviewing the pleadings and the record, having heard oral argument, this court awards Plaintiffs default judgment consistent with the complaint filed in this case.

**II.  FACTS[1]**

Plaintiffs commenced this adversary proceeding on October 2, 2009, by filing a Complaint to Determine Dischargeability of Debt 11 U.S.C. § 523(a)(2), (4) and (6) (the "Complaint"). The Complaint was served properly on Defendant, who failed to answer. On April 1, 2010, the Clerk of the Court entered her default. On July 29, 2010, the court issued an order to show cause indicating the case would be dismissed because of Plaintiffs' failure to seek a default judgment. Plaintiffs responded to the OSC on August 17, 2010, indicating they needed further time to develop evidence to support a request for a default judgment.

On February 18, 2011, Plaintiffs submitted an Application for Judgment (the "Application"), supported by the Declarations of Edward H. Stokes and Gwendolyn H. Stokes. The Application and supporting documents indicate that Defendant engaged in a series of transactions by which Plaintiffs were induced to withdraw money from retirement accounts and refinance their residence, with a view toward investing those sums with Defendant. Defendant represented those invested funds would generate better earnings to provide for Plaintiffs' retirement. With one exception, the investments were better characterized as schemes to enrich Defendant and her confederates. Defendant's schemes caused Plaintiffs to lose their home and left them facing an uncertain and unhappy financial future.

Defendant failed to appear at the February 24, 2011 Status Conference in this matter and made no response to the Application.

**III.  DISCUSSION**

    A.  <u>Entry of Default Judgment</u>

The court is authorized to enter a default judgment against a party under Federal Rule of Bankruptcy Procedure 7055, incorporating by reference Federal Rule of Civil Procedure 55.

---

[1] The following discussion constitutes the court's findings of fact and conclusions of law. Fed. R. Bankr. P. 7052(a).

According to the Rule 55(b), the court must ensure notice has been given to the defaulting party. According to the Certificate of Service filed as document #39 on the court's docket on February 18, 2011, Plaintiffs gave notice of the Application to Defendant.

Rule 55(b) does not provide a standard for entering a default judgment. Several courts have had occasion to consider this question. According to one district court, a judgment can be entered against a defaulting party if the court determines it is appropriate after "careful examination." *Bianco v. Seaway Indus. Services, Inc.*, 2004 WL 912916, *1 (W.D.N.Y. Apr. 01, 2004) (internal citations and quotations omitted); *Ortiz v. Lasker*, 590 F. Supp. 2d 423 (W.D.N.Y. 2008); *see also Enron Oil Corp. v. Masonori Diakuhara*, 10 F.3d 90, 95-96 (2d Cir.1993). The court should evaluate the claim and the relief sought. *Wagstaff-El v. Carlton Press Co.,* 913 F.2d 56, 57 (2d Cir.1990).

There is little authority in the Ninth Circuit on point. In *Massa v. Jiffy Products Co., Inc.*, 240 F.2d 702 (9th Cir. 1957), the defendant answered the complaint and counterclaimed against the plaintiff. He refused to answer interrogatories and the court entered judgment against him on the basis of a verified complaint. The Ninth Circuit refused to set aside the default, holding it was not necessary under Rule 55 for the district court to conduct an evidentiary hearing before entering judgment.

Plaintiffs ask the court to deny Defendant a discharge under several provisions of the Bankruptcy Code. Section 523(a)(2) is one of those provisions, and it states:

(a) a discharge ... does not discharge an individual from any debt –

    (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by –

        (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition.

11 U.S.C. § 523(a)(2). Generally, a debtor must benefit from the scheme for § 523(a)(2) to apply. *Muegler v. Bening*, 413 F.3d 980, 982-83 (9th Cir. 2005). Because the court finds cause to deny the discharge under that section, it does not consider the remaining causes of action because they would add nothing to the judgment.

The court determines it does not need to conduct a trial or evidentiary hearing. Plaintiffs have provided Defendant notice of the Complaint and with their Application. The court has considered the detailed allegations of the Complaint and the supporting declarations of both Edward and Gwendolyn Stokes and, based on the fact that these allegations are thorough and uncontested, it adopts them. The declarations establish a course of conduct by Defendant demonstrating she benefitted from money she obtained from Plaintiffs by false representations and actual fraud, and that her representations pertained to matters other than her financial condition, as required by 11 U.S.C. § 523(a)(2)(A).

Plaintiffs' counsel filed a declaration on February 24, 2011, stating the amount of the judgment should be $586,524.60. The court cannot use that figure as it is bound to the terms of Plaintiff's Complaint. The complaint seeks $133,000[2] in damages, arising out of the Cook Note, the Montrose Property Investment (Elk Ridge), and Montrose, Colorado Real Property Investment. The declaration includes items that are not set forth in the original Complaint, including the cost of refinancing, loss of equity in the Plaintiffs' home, and "conversion of funds" on the Cook loan. The items included in the declaration that were not prayed for in the Complaint cannot be allowed. Moreover, the memorandum in support of the request for default judgment refers only to "actual damages on defaulted loans" and the categories identified above do not qualify under that standard. The court therefore awards Plaintiffs $133,000, as modified below.

B.  Prejudgment Interest

Plaintiffs are entitled to pre-judgment interest on the Cook Installment Note at 7% per annum, commencing from October 21, 2005, when the loan was made. Cal. Civ. Code § 3287(a).

---

[2] Comprised of the following elements:

| | |
|---|---|
| Cook Installment Note | $43,000.00 |
| Montrose Property Investment | $30,000.00 |
| Montrose, Colorado Real Property | $60,000.00 |
| Total | $133,000.00 |

### C. Punitive Damages

The court cannot award punitive damages in this matter because it has no basis for calculating them. While the court is authorized to enter an award of punitive damages under 11 U.S.C. § 523(a)(2), *Cohen v. de la Cruz*, 523 U.S. 213, 223 (1998); *Muegler v. Bening*, 413 F.3d at 983, it must make factual findings to support such an award. *Bennett v. American Medical Response, Inc.*, 226 Fed. Appx. 725 (9th Cir. 2007); *Griffon v. Felton (In re Griffin)*, 197 B.R. 881, 891 (N.D. Cal. 1996). The Supreme Court has "instructed courts reviewing punitive damages to consider three guideposts: (1) the degree of reprehensibility of the defendant's misconduct; (2) the ratio between the actual or potential harm suffered by the plaintiff and the punitive damages award; and (3) the difference between the punitive damages awarded by the jury and the civil penalties authorized or imposed in comparable cases." *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 418 (2003).

Neither the Complaint nor the moving papers provides a means for the court to determine the appropriate level for punitive damages. To fix punitive damages, the court would need to conduct an inquiry to determine the appropriate amount of damages. The request for a default judgment for punitive damages is denied.

## IV. CONCLUSION

1. Plaintiffs are entitled to judgment as a matter of law. Judgment should be entered in the amount of $133,000.00 plus pre-judgment interest at 7% on the $43,000 due on the Cook Installment Note, interest at the applicable federal rate thereafter.

2. The judgment is non-dischargeable under 11 U.S.C. § 523(a)(2).

3. Plaintiffs should upload a form of judgment consistent with this disposition in the ECF system.

**Court Service List**

By ECF

David W. Studley
P.O. Box 579
San Andreas, CA   95249

By Mail

Colleen Patricia Collum
6200 Estate Smith Bay #3-214
St. Thomas, US Virgin Islands   00802